IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JACQUES PAUL VILLAFANA,

    Plaintiff,

v.                                   Civil Action No. 3:17CV512

HAROLD W. CLARKE,

    Defendant.

**MEMORANDUM OPINION**

Jacques Paul Villafana, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the Court will dismiss the action for failure to state a claim for relief and as legally frivolous.

### I. STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

2

conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v.

Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS AND CLAIMS

By Memorandum Order entered on January 26, 2018, the Court directed Villafana to file a particularized complaint because the allegations in his original complaint failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); (Mem. Order 1-2, ECF No. 21.) Villafana has filed a Particularized Complaint. (ECF No. 22.) In his Particularized Complaint, Villafana states the following:[2]

> 1. Jacques Paul Villafana (Mr. Villafana's) medical records were sent to him from the Department of Veterans Affairs in 2016, after he filed a disability claim with the Department of Veteran

---

[2] The Court corrects the spacing and capitalization in the quotations from Villafana's Particularized Complaint.

4

Affairs. Upon receiving the medical records, Lawrenceville Correctional Center's mail room opened and searched Mr. Villafana's medical records without authorization.

    2. So, on October 14th, 2016, Mr. Villafana wrote to the Defendant (the Director of the Department of Corrections) informing him that the Virginia Department of Corrections Operating Procedure 803.1(D), violated Mr. Villafana's privacy rights.

    3. In his letter, Mr. Villafana also informed the Defendant that Operating Procedure 803.1(D), which governs offender correspondences, classifies correspondences from the Department of Veteran Affairs — which is a federal legislative office — as "special purpose correspondence," and is not given the privacy of legal mail.

    4. Mr. Villafana went on to inform the Defendant that he had the sole authority under Virginia Code § 53.1-53 to prescribe reasonable rules regarding prisoner correspondences, and requested that an amendment to Operating Procedure 803.1(D) be made, which would alleviate Mr. Villafana of the harm he suffered and any potential harm in the future.

    5. In response to Mr. Villafana's letter, Ms. Sherida Davis-Brown (Correspondence Unit Manager) responded on November 17th, 2016 and informed Mr. Villafana that he had to utilize Operating Procedure 866.1: Offender Grievance Procedure, if the issue was still a concern; and, the issue had been shared with appropriate staff for review and consideration.

    6. Mr. Villafana missed the filing deadline to initiate a grievance on the matter above, and was precluded from filing a grievance. Then, on March 20th, 2017, Mr. Villafana received additional personnel, medical and dental records. Mr. Villafana's records were once again opened without authorization and searched outside of his presence.

    7. So, Mr. Villafana filed an informal complaint in accordance with Operating Procedure 866.1, and exhausted all of his remedies through the grievance process. Mr. Villafana's grievance was denied because his correspondences from the Department of Veterans Affairs were not given the privacy protections under Operating Procedure 803.1(D).

(Part. Compl. 1-3.) Villafana brings the following claims for relief based upon the above allegations:

5

>           Claim One:      Defendant Clarke violated Villafana's Fourth
>                           Amendment right "to be secured in his papers
>                           against unreasonable searches." (Id. at 3.)
>
>           Claim Two:      Defendant Clarke violated Villafana's "right
>                           to privacy [which] is also protected under
>                           38 U.S.C. § 5701, 5705, 7332. . . . which
>                           governs veterans' benefits . . . ." and
>                           documents. (Id.)[3]

The Court believes that Villafana intends to bring a third claim against Defendant Clarke, but it is very unclear what Villafana intends to argue. At best, Villafana argues:

>           Claim Three:    "[W]hen Mr. Villafana informed the Defendant
>                           . . . of the harm he suffered under under
>                           [Virginia Department of Corrections
>                           ("VDOC")] Operating Procedure 803.1(D)
>                           (para. 2), the Defendant refused to take
>                           corrective steps . . . and acted with
>                           deliberate indifference despite his
>                           knowledge of substantial risk of serious
>                           harm." (Id. at 4.)

Villafana requests injunctive relief and monetary damages.

### III. ANALYSIS

#### A. No Personal Involvement of Defendant Clarke

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th

---

[3] In the following paragraph, Villafana restates that Defendant Clarke violated "Title 38 of the United States Code." (Part Compl. 3-4.) The Court combines this allegation with Claim Two, which states a violation of the same code provision.

Cir. 1998) (citing 42 U.S.C. § 1983). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Villafana does not allege that Defendant Clarke was personally involved in the deprivation of his constitutional rights or a right conferred by the laws of the United States. At most, Villafana indicates that he wrote to Defendant Clarke to express his concerns that opening his mail was a violation of his privacy rights; however, it is unclear whether Defendant Clarke received these letters. Villafana indicates that the Correspondence Unit Manager responded to Villafana that he was required to use the grievance procedure to express his concerns over the handling of his mail. (Part Compl. 2.) While an inmate's grievances or letters to prison administrators may establish a basis for § 1983 liability, the plaintiff must allege facts that suggest that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her of a constitutional violation. Cf. Vance v. Peters, 97 F.3d 987, 993 (7th Cir. 1996). Villafana must demonstrate that because of the

7

purported grievances, Defendant Clarke "knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." Id. at 994 (citing Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)). Villafana provides no facts that would plausibly indicate that Defendant Clarke was personally involved in the deprivation of Villafana's rights.

To the extent that Villafana claims that Defendant Clarke is liable because of a policy that he has created, Villafana also fails to state a claim for relief. As discussed below, Villafana fails to demonstrate that any policy of Defendant Clarke's or the VDOC violated Villafana's constitutional or other statutorily-created rights.

### B. Fourth Amendment Rights

In Claim One, Villafana argues that Defendant Clarke violated his Fourth Amendment right to be "secured in his papers against unreasonable searches," presumably, when mail room employees opened his medical records without authorization. (Part Compl. 3.) The Supreme Court has explained that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526 (1984) (explaining that "the recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of

8

incarceration and the needs and objectives of penal institutions"). Similarly, an inmate's Fourth Amendment rights are not violated when mail is inspected and opened by jail officials. See United States v. Kelton, 791 F.2d 101, 103 (8th Cir. 1986) (citations omitted); Loiseau v. Norris, No. 3:10CV870, 2011 WL 4102226, at *3 (E.D. Va. Sept. 14, 2011) (citations omitted) ("Prisoners have no reasonable expectation of privacy to non-privileged mail."); Hall v. Chester, No. 08-3235-SAC, 2008 WL 4657279, at *6 (D. Kan. Oct. 20, 2008) ("Prison officials do not violate an inmate's Fourth Amendment rights by inspecting the inmate's legal mail, and are not required to have probable cause to search incoming mail." (citing Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974))). Villafana fails to allege facts that plausibly suggest that Defendant Clarke violated his Fourth Amendment rights when Villafana's mail containing medical records was opened in the mail room. Accordingly, Claim One will be dismissed for failure to state a claim for relief and as frivolous.

C. Statutorily Created Rights

In Claim Two, Villafana argues that Defendant Clarke violated his "right to privacy . . . protected under 38 U.S.C. [§]§ 5701,[4] 5705,[5] 7332.[6] . . . which governs veterans'

---

[4] Section 5701 explains that records pertaining to any claim for veterans benefits "shall be confidential and privileged" and

9

benefits . . ." and the disclosure of documents. (Part Compl. 3.) Title 38 U.S.C. § 5701, or the Veterans Affairs Claims Confidentiality Statute, imposes an obligation on the Secretary of the United States Department of Veteran's Affairs ("VA") to keep veteran's benefit and medical records confidential. See Cornish v. Dudas, 715 F. Supp. 2d 56, 70 (D.D.C. 2010). This statute, however, does not impose any obligation on state prison officials to keep certain information private. See Gray v. Perkins, No. 14-cv-386-PB, 2015 WL 3463424, at *4 (D. NH. June 1, 2015); Cornish, 715 F. Supp. 2d at 69-70 (explaining that, even if a private right of action existed under the Veterans Affairs Claims Confidentiality Statute, the Department of Veterans Affairs or its officers would be the proper defendant). Villafana also fails to demonstrate that 38 U.S.C. § 7332, which governs the disclosure of certain medical records by the

---

governs the disclosure of these records by Department of Veterans Affairs. 38 U.S.C. § 5701.

[5] Section 5705 explains that "[r]ecords and documents created by the Department as part of a medical quality-assurance program . . . are confidential and privileged" and places restrictions on the Department of Veterans Affairs's dissemination of these documents. 38 U.S.C. § 5705.

[6] Chapter 73 pertains to the Veterans Health Administration-Organization and Functions. Section 7332 governs the confidentiality of certain medical records of veterans relating to drug abuse, alcoholism or alcohol abuse, and certain diseases, and again places restrictions on the Veterans Health Administration's dissemination of such records. 38 U.S.C. § 7332.

Veteran's Health Administration, states a cognizable claim for relief against Defendant Clarke. See 28 U.S.C. § 7332.[7] Accordingly, Villafana fails to state a claim for relief under 38 U.S.C. §§ 5701, 5704, or 7332. Claim Two will be dismissed for failure to state a claim for relief and as frivolous.

D. Violation of Operating Procedure

In Claim Three, Villafana argues that "when Mr. Villafana informed the Defendant . . . of the harm he suffered under [Virginia Department of Corrections ("VDOC")] Operating Procedure 803.1(D) (para. 2), the Defendant refused to take corrective steps . . . and acted with deliberate indifference despite his knowledge of a substantial risk of serious harm." (Part. Compl. 4.) It is unclear what exactly Villafana intends to argue here. As discussed previously, in order to state a viable claim under § 1983, Villafana must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the

---

[7] Moreover, even if Defendant Clarke was somehow a proper Defendant, which he is not, the Department of Veterans Affairs's confidentiality statute and Section 7332, "do[] not establish a cause of action for the improper disclosure of medical records." Williams v. U.S. Government, CV. No. 12-00375-HG-KSC, 2013 WL 3288306, at *6 (D. Hi. June 28, 2013) (citation omitted); Morris v. Nicholson, No. 1:05-0041, 2007 WL 2905346, at *3 (M.D. Tenn. Sept. 26, 2007) (concluding no private right of action for individual harmed by 28 U.S.C. §§ 5701, 7332); Jackson v. Shinseki, No. 10-cv-02596-MSK-CBS, 2010 WL 5246572, *1 (D. Colo. Dec. 16, 2010) (citation omitted) (concluding no private cause of action under 28 U.S.C. § 7332).

United States. See Dowe, 145 F.3d at 65. Villafana fails to allege a violation of federal or constitutional law.

To the extent that Villafana argues that either Defendant Clarke or some subordinate failed to follow the VDOC's Operating Procedure when he or she opened his mail from the Department of Veterans Affairs, he is not entitled to relief under § 1983. See Versatile v. Johnson, No. 3:09CV120, 2011 WL 5119259, at *29 (E.D. Va. Oct. 27, 2011) (citations omitted) (explaining that the failure "to follow proper VDOC procedure . . . fails to state a claim of constitutional dimension"). Even assuming that Villafana intends to argue that VDOC Operating Procedure 803.1(D) somehow violates his constitutional rights, he fails to state a claim for relief. Villafana argues that Defendant Clarke's application of VDOC Operating Procedure 803.1 to Villafana's mail from the Department of Veterans Affairs, amounts to "deliberate indifference despite his knowledge of substantial risk of serious harm." (Part. Compl. 4.) This language tracks that for an Eighth Amendment claim. However, Villafana fails to explain, and this Court cannot fathom, how the institution's opening of his mail from the Department of Veterans Affairs violated the Eighth Amendment. See, e.g., De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (citations omitted) (internal quotation marks omitted) (explaining that to satisfy the objective portion of the Eighth

Amendment "a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions"); cf. 42 U.S.C. § 1997e(e) (requiring a "prior showing of physical injury" to recover damages).

To the extent that Villafana claims that the VDOC Operating Procedure violates some unidentified privacy right, he fails to identify how he has been deprived rights guaranteed by the Constitution or laws of the United States. Thus, Villafana fails to state a claim for relief. Accordingly, Claim Three will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Villafana fails to state a claim for relief against Defendant Clarke and his claims are frivolous. Accordingly, Villafana's claims and the action will be dismissed. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Order to Villafana.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 30, 2018